# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL DUNMARS,

   *Plaintiff,*

v.

   Case No. 6:19-cv-01012

FORD COUNTY, KANSAS BOARD OF
COMMISSIONERS, composed of SHAWN
TASSET, CHRIS BOYS, and KEN SNOOK,

   *Defendants.*

## MEMORANDUM AND ORDER

This is an age discrimination and retaliation case initiated by former emergency manager Michael Dunmars against his ex-employer, Ford County, Kansas Board of Commissioners ("the County"). The case is brought under the Age Discrimination in Employment Act in three counts—Count I, hostile work environment, Count II, age discrimination, and Count III, retaliatory discharge.

The County moves the Court to dismiss Dunmars' Complaint (Doc. 8). For the reasons that follow, the Court grants the motion as to Count I, but otherwise denies the motion.

# I.       Factual and Procedural Background[1]

On February 28, 2018, Dunmars filed a complaint with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission.  In his complaint, he accused the County of harassment, disparate treatment, discipline, and termination based on his race, age, and religion.  He further alleged that the County retaliated against him for opposing practices forbidden by the Kansas Act Against Discrimination and the Age Discrimination in Employment Act.  He listed the dates of the discrimination and retaliation as "on or about March 2017, to February 6, 2018."

Dunmars worked as an emergency manager for the County.  He claimed he suffered numerous instances of discrimination from 2017 to 2018, including verbal harassment.  He alleged that multiple members of the county, including the County Administrator and Assistant County Administrator made a pattern of jokes at his expense from October to December 2017. In particular, he claimed the County Administrator and his assistant teased him about his mobility, giving as an example a comment from the Administrator that the group could "walk down the street . . . go and take care of our business and when we return," Dunmars would not have moved.  Dunmars alleged that these remarks demoralized him and hurt his performance.

Dunmars claimed the County had mistreated him in other ways.  He alleged that:

- The Administrator repeatedly told him to check his phone while in the middle of religious services.

- His work was more closely scrutinized than that of the other employees.

---

[1] The facts come from Dunmars' complaints with the KHRC, EEOC, and this court. They are considered true for the purposes of this ruling.

- The County demoted him in an apparent effort to replace him with a less qualified white person.

- The County fired him after he complained of discriminatory treatment.

- The Administrator had threatened to "get revenge against" him for a previous workplace dispute and made good on that promise by demoting and harassing him.

Dunmars' complaint elaborates upon many of the same allegations in his EEOC/KHRC complaints, but also states some new ones. Dunmars claims that as early as 2015, the Assistant Administrator, J.D. Gilbert, made fun of him for being old and slow. In August, a dispute allegedly developed between Gilbert and Dunmars over a training video. Gilbert ordered Dunmars to tell a coworker, Jane Longmeyer, to film an emergency training exercise, and she expressed concerns for reasons unknown. After this, Gilbert told Dunmars to call a meeting. The Assistant Administrator's intent, Dunmars claims, was to humiliate and belittle him in front of his coworkers. When Dunmars refused, Gilbert reputedly told him, "When I become Ford County Administrator I am going to get my revenge against you."

Gilbert allegedly continued his habit of deriding Dunmars for his age and slowness from 2015 to 2018, especially after he was promoted to Administrator in 2016. Dunmars claims he was subjected to discipline, suspension, and harassment in 2017, including multiple reprimands for failing to check his cell phone during church. He also claims Gilbert joked, in reference to Dunmars' speed, that he could go take care of his business and when he returned, Dunmars would still be in the same place.

Dunmars believes the motivation for this behavior was to drive him out of a job in order to replace him with former County Commissioner and then-Assistant Emergency Manager Danny Gillum, to whom Gilbert owed a favor. Dunmars' coworkers reportedly advised him as much: the Administrator allegedly told them he was planning to replace Dunmars because he was too old.

Dunmars complained to the County on February 5, 2018 about the alleged age discrimination, hostile work environment, and retaliation. He advised the County that he was filing a complaint with the KHRC. The County fired him the next day. The Department of Justice issued him a right to sue letter.[2]

Dunmars alleges three violations of the Age Discrimination in Employment Act and Kansas Act Against Discrimination—hostile work environment based on age (Count I), age discrimination (Count II), and retaliatory discharge (Count III). The County now moves to dismiss, arguing that he has failed to exhaust his administrative remedies, made claims which are time-barred, and failed to state a claim under Rule 12(b)(6) for hostile work environment and retaliation.

## II.    Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal when the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its

---

[2] This fact comes from Dunmars' complaint, although it appears the EEOC would be the agency to issue such a letter.

[3] Fed. R. Civ. P. 12(b)(6).

face.'" [4]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. [5]  The court is required to accept the factual allegations in the complaint as true, but is free to reject legal conclusions. [6]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which the claims rest. [7]

### III.  Analysis

The County argues that Dunmars has not exhausted his administrative remedies, since his allegations in this complaint are different from those in his KHRC/EEOC charge.  It contends that Dunmars' 2015 and 2016 discrimination claims run outside the ADEA's statute of limitations.  Finally, the County maintains that Dunmars has failed to state a claim for hostile work environment and retaliation.  The Court will address each of these arguments in turn.

### a. Has Dunmars Properly Exhausted His Administrative Remedies with Respect to the Age Discrimination in Employment Act?

While the County agrees that Dunmars has filed complaints with the KHRC and EEOC, it argues that these complaints are insufficient because the claims here are not within the scope of the ones he asserted there.  Dunmars responds that it is inappropriate to consider this matter at the pleading stage.

---

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *McKenzie v. Office Depot Store*, 2012 WL 586930, at *1 (D. Kan. 2012).

[7] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

The Age Discrimination in Employment Act is a comprehensive scheme designed to "promote employment of older persons based on their ability rather than age" and to "prohibit arbitrary age discrimination in employment."[8]  The ADEA requires a plaintiff to file a charge with the EEOC before being able to sue in a court of law.[9]  The parties stipulate, correctly, that failure to exhaust administrative remedies is not a jurisdictional bar to suit, but an affirmative defense.[10]  However, the parties diverge on what that means for this case: Dunmars argues that failure to satisfy a condition precedent is not a proper basis for a Rule 12(b)(6) motion and that the complaint itself is sufficient to survive such a motion, while the County maintains that 12(b)(6) is an appropriate avenue for resolving claims on affirmative defenses and that Dunmars' KHRC and EEOC complaints should be considered in this motion.

The courts are clear that failure to exhaust administrative requirements can form the basis for a 12(b)(6) motion, so long as the "grounds for the defense appear on the face of the complaint."[11]  However, while the court typically must consider only the complaint itself when ruling on a motion to dismiss, it may also consider documents which are central to the complaint and whose authenticity is undisputed.[12]  The administrative complaints are central to Dunmars' case because he would not be able to recover without them.  Neither party has raised doubts

---

[8] 29 U.S.C. § 621(b).

[9] 29 U.S.C. § 626(d).

[10] *See Cirocco v. McMahon*, 768 Fed. App'x 854, 855 (10th Cir. 2019).

[11] *Id.* at 858.

[12] *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *Williams v. Hill*, 422 Fed. App'x 682 n.3 (10th Cir. 2011) ("We may consider administrative material provided by a defendant in reviewing a Rule 12(b)(6) dismissal premised upon a failure to exhaust.").

about the legitimacy of the complaints. Therefore the Court rejects Dunmars' invitation to disregard the administrative charges and consider only his pleading.

Next the Court must decide the merits of the County's argument. The County contends that "the only claim asserted both in the administrative complaints and this case is a claim of hostile work environment due to age occurring between October 1, 2017 and December 15, 2017 and consisting of a single specific comment" (the joke Gillum allegedly made about Dunmars' mobility) and so all other claims must be dismissed.

Each discrete instance of discriminatory treatment must be included in the administrative charge. [13] Per EEOC regulations, a charge is sufficient when it "describe[s] generally the actions or practices complained of." [14] The intent of the filing requirement is "to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims." [15] Accordingly, the court construes EEOC complaints liberally in the interest of justice. [16]

Dunmars admits that the 2015 and 2016 discrimination allegations are barred by the filing time requirement, so they are not considered. The rest of the claims, however, are sufficient to give general notice to the County that Dunmars was suing for hostile work environment, age discrimination, and retaliation under the ADEA. In his EEOC complaint, Dunmars checked a box representing that he was suing under "the Kansas Age Discrimination in Employment Act . . . because of my AGE." The 2017 and 2018 allegations in his complaint—

---

[13] *Hartman v. Sonic Rests, Inc.*, 2018 U.S. Dist. LEXIS 144240, at *22-23 (D. Kan. 2018).

[14] 29 C.F.R. 1601.12(b).

[15] *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004).

[16] *Id.*

the jokes, the discipline, the demotion, and the firing—are all present in his EEOC charge, although the details vary. He alleged that the County had retaliated against him for "having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination and the Kansas Age Discrimination in Employment Act." Construing the charge liberally, the Court concludes that Dunmars has exhausted his administrative remedies with respect to the 2017-18 claims.

### b. Are the 2015 and 2016 Claims Time-Barred?

The County argues that the 2015 and 2016 claims should be dismissed because Dunmars filed his administrative complaints more than 300 days after those events. Dunmars admits this is true of age discrimination, but argues that hostile work environment is different because his claims cover a certain period and only part of that period needs to be within the statute of limitations window.

For an ADEA claim to be timely, the plaintiff must file it within 300 days of the acts he complains of. [17] However, when the charge is for a hostile work environment, it "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." [18]

Dunmars contends that his EEOC complaint was timely because he "has alleged severe and pervasive acts that created a hostile work environment, many of which are within the appropriate time frame." While his argument is true of this complaint, it was not true of his

---

[17] 29 U.S.C. § 626(d); *Nunez v. Lifetime Prods.*, 725 Fed. App'x 628, 630 (10th Cir. 2018).

[18] *Nat'l R.R. Corp. v. Morgan*, 563 U.S. 101, 122 (2002).

EEOC charge, in which he listed the "Alleged Date of Incident" as "on or about March 2017 to February 6, 2018." As he failed to allege a hostile work environment before those dates, all 2015 and 2016 allegations of age discrimination and hostile work environment must be dismissed.

### c. Does Dunmars' Complaint State a Claim for an Age-Related Hostile Work Environment?

The County argues that Dunmars' allegations are not sufficient to state a claim for age-related hostile work environment because none of the allegations directly support such an inference. Dunmars argues in response that his complaint identifies several such incidents.

A hostile work environment claim requires a "workplace permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." [19] Such an environment must be hostile from both a subjective and objective perspective. [20] This standard will not be satisfied by "the sporadic use of age-related jokes" such as jests about hot flashes, lack of energy, or senility. [21]

As discussed above, the only surviving allegations in the complaint are those from 2017 and 2018. Specifically, this includes Gilbert's alleged quip that he could walk down the street and go about his business and when he came back, Dunmars would be in the same place. It also includes Dunmars' claims that the County reprimanded and suspended him.

The allegations in the complaint, if proven, would not show that the County subjected Dunmars to a hostile work environment. The jokes about his mobility, while no doubt upsetting,

---

[19] *Penry v. Fed. Home Loan of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998) (internal quotations omitted).

[20] *MacKenzie v. City and Cty. Of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005).

[21] *Id.*

are not the type of conduct the hostile work environment theory is designed to prohibit.  Nor has Dunmars plausibly alleged that the County's actions were pervasive or changed the terms of his employment; he alleges one suspension and three verbal reprimands over a period of two years.  His strongest allegation—that he was fired for opposing the County's discriminatory practices—does not constitute an insult or an intimidation tactic, but is properly the basis of a separate claim (retaliatory discharge).  Thus Dunmars' hostile work environment claim is dismissed.

### d.  Does Dunmars' Complaint State a Claim for Retaliatory Discharge?

The County argues that Dunmars fails to state a claim for retaliatory discharge because his age was not a but-for cause of his firing.  Dunmars responds that the but-for standard is incorrect and he need only plead a causal connection between the initial complaint and the termination.

Dunmars' representation of the law is accurate.  A case of retaliation requires three elements: "(1) that [the plaintiff] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection exists between the protected activity and the materially adverse action."[22]  The but-for cause standard—that the injury must not have existed without the age discrimination—applies only to age discrimination claims themselves, not charges of retaliation for making such claims.[23]

Dunmars has pled all three elements.  He alleges that he filed an age discrimination complaint, which is a protected activity under the ADEA.  He claims the County fired him,

---

[22] *Hanssen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016).

[23] *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 180 (2009).

which a reasonable employee certainly would have found materially adverse.  This termination, he alleges, took place the day after he told the County he had filed a complaint with the KHRC and EEOC, which is sufficient to show a causal connection.[24]  Therefore the Court declines to dismiss Dunmars' retaliatory discharge claim.

## IV.    Conclusion

Dunmars has failed to exhaust his administrative remedies with respect to his 2015 and 2016 allegations in Counts I and II.  The allegations he properly exhausted in the administrative complaint cannot constitute a hostile work environment, so Count I is dismissed in full. The allegations of age discrimination in Count II relating to 2017 and 2018 remain.  His allegations also plausibly raise an inference of retaliatory discharge, so Count III also remains.

**IT IS THEREFORE ORDERED** that Ford County, Kansas Board of Commissioners' Motion to Dismiss (Doc. 8) is hereby **GRANTED AS TO COUNT I AND THE 2015 AND 2016 CLAIMS IN COUNT II.  IT IS OTHERWISE DENIED.**

**IT IS SO ORDERED.**

Dated this 14th day of August, 2019.


*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[24] *See MacKenzie*, 414 F.3d at 1279 (internal quotations omitted) ("A causal connection is established where the plaintiff presents evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct followed closely by adverse action.").